## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

### BECKLEY DIVISION

| | | |
|---|---|---|
| RHASHAUN SCOTT, | ) | |
| **Petitioner,** | ) | |
| | ) | |
| v. | ) | **CIVIL ACTION NO. 5:03-2289** |
| | ) | |
| TROY WILLIAMSON, | ) | |
| **Respondent.** | ) | |

### PROPOSED FINDINGS AND RECOMMENDATION

On October 29, 2003, Petitioner, an inmate at FCI Beckley, Beaver, West Virginia, and acting *pro se,* filed his Application Under 28 U.S.C. § 2241 for Writ of Habeas Corpus by a Person in State or Federal Custody and an Application to Proceed *in Forma Pauperis*.[1] (Doc. Nos. 1 and 2.) Petitioner contends that the Federal Bureau of Prisons unlawfully characterized his underlying conviction as a crime of violence and denied him early release consideration under 18 U.S.C. § 3621(e)(2)(B) and 28 C.F.R. § 550.58. (Doc. No. 1 at 6.)

On September 9, 2004, the undersigned entered an Order directing Petitioner to "submit copies of documents evidencing that he exhausted the entire administrative process, including all of the documents he filed and all of the rulings he received in return all of the way through the process." (Doc. No. 4.) The undersigned further found deficient Petitioner's Application to Proceed *in Forma Pauperis* and directed Petitioner either to submit additional information or pay the $5.00 requisite filing fee. Petitioner did not respond to the Court's Order.  (Id.)  By Order entered on December 2, 2005, the undersigned placed Petitioner on notice that he would recommend to the

---

[1] Because Petitioner is acting *pro se*, the documents which he has filed in this case are held to a less stringent standard than if they were prepared by a lawyer and therefore, they are construed liberally. *See Haines v. Kerner*, 404 U.S. 519, 520-21, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972).

District Court that the instant action be dismissed for failure to prosecute within 30 days of the entry of the Order unless within that time Petitioner demonstrated good cause for its retention on the docket. (Doc. No. 5.) The docket indicates that the Order was mailed to Petitioner at FCI Beckley on December 2, 2005. On December 9, 2005, the Order forwarded to FCI Beckley was returned as "Not Deliverable As Addressed Unable to Forward." (Doc. No. 6.) The office of the undersigned has ascertained from the Federal Bureau of Prisons' [BOP] website that Petitioner was released from the custody of the BOP on February 6, 2006. Petitioner, however, has not provided this Court with a current address as required by Rule 2.03 of the Local Rules of General Procedure for the United States District Court for the Southern District of West Virginia. Accordingly, the undersigned has determined that Petitioner has failed to take any steps to prosecute this action, and therefore, Petitioner's Application Under 28 U.S.C. § 2241 for Writ of Habeas Corpus by a Person in State or Federal Custody should be dismissed.

## ANALYSIS

Pursuant to Rule 41(b) of the Federal Rules of Civil Procedure [2] and Rule 8.01 of the Local Rules of Civil Procedure for the Southern District of West Virginia, District Courts possess the inherent power to *sua sponte* dismiss an action for a *pro se* Petitioner's failure to prosecute. See Link v. Wabash Railroad Co., 370 U.S. 626, 629, 82 S.Ct. 1386, 1388, 8 L.Ed.2d 734 (1962). Rule 8.01

---

[2] Rule 41(b) of the Federal Rules of Civil Procedure provides:

**(b) Involuntary Dismissal: Effect Thereof**. For failure of the plaintiff to prosecute or to comply with these rules or any order of court, a defendant may move for dismissal of an action or of any claim against the defendant. Unless the court in its order for dismissal otherwise specifies, a dismissal under this subdivision and any dismissal not provided for in this rule, other than a dismissal for lack of jurisdiction, for improper venue, or for failure to join a party under Rule 19, operates as an adjudication upon the merits.

2

of the Local Rules provides:

> **Dismissal of Actions**. When it appears in any pending civil action that the principal issues have been adjudicated or have become moot, or that the parties have shown no interest in further prosecution, the judicial officer may give notice to all counsel and unrepresented parties that the action will be dismissed thirty days after the date of the notice unless good cause for its retention on the docket is shown. In the absence of good cause shown within that period of time, the judicial officer may dismiss the action. The clerk shall mail a certified copy of any order of dismissal to all counsel and unrepresented parties. This rules does not modify or affect provisions for dismissal of actions under FR Civ P 41 or any other authority.

Although the propriety of a dismissal "depends on the particular circumstances of the case," in determining whether to dismiss a case involuntarily for want of prosecution, the District Court should consider the following four factors:

> (i) the degree of personal responsibility of the plaintiff;
> (ii) the amount of prejudice caused the defendant,
> (iii) the existence of a history of deliberately proceeding in a dilatory fashion, and
> (iv) the existence of a sanction less drastic than dismissal.

Ballard v. Carlson, 882 F.2d 93, 95 (4th Cir. 1989). In consideration of the first three factors, the Court finds that the delays in this case are attributable solely to the Petitioner as the Respondent has not been required to make an appearance in this action. Pursuant to 28 U.S.C. § 1915, federal courts may authorize the commencement of an inmate's civil action *in forma pauperis* upon the inmate's filing of an Application together with an Affidavit stating the nature of the action and Petitioner's belief that he is entitled to redress. 28 U.S.C. § 1915(a)(1) and (2). "Section 1915 is intended to allow qualified litigants to proceed without having to advance the fees and costs associated with litigation." DeBlasio v. Gilmore, 315 F.3d 396, 398 (4th Cir. 2003). Petitioner has neither remitted any portion of the $5.00 filing fee, nor otherwise responded to the Court's September 9, 2004, and December 2, 2005, Orders. Petitioner therefore, is the sole cause of the delays in this action. With respect to the second and third factors, although the record is void of further evidence indicating that Petitioner has

3

a history of "deliberately proceeding in a dilatory fashion," the Court does not find that the Respondent will be prejudiced by dismissal of Petitioner's Application.

In consideration of the fourth factor, the Court acknowledges that a dismissal under either Rule 41(b) or Local Rule 8.01 is a severe sanction against Petitioner that should not be invoked lightly. The particular circumstances of this case, however, do not warrant a lesser sanction. An assessment of fines, costs, or damages against Petitioner would be futile in view of his failure to pay the filing fee. Moreover, explicit warnings of dismissal would be ineffective in view of the undersigned's Orders advising Petitioner that his failure to pay the $5.00 filing fee or file a complete Application to Proceed *in Forma Pauperis* would result in a recommendation of dismissal of this matter without prejudice. Accordingly, the undersigned has determined that this action should be dismissed without prejudice unless Petitioner is able to show good cause for his failure to prosecute.

## PROPOSAL AND RECOMMENDATION

The undersigned therefore hereby respectfully **PROPOSES** that the District Court confirm and accept the foregoing findings and **RECOMMENDS** that the District Court **DISMISS** Petitioner's Application Under 28 U.S.C. § 2241 for Writ of Habeas Corpus by a Person in State or Federal Custody (Doc. No. 1.) without prejudice for failure to prosecute, **DENY** Petitioner's Application to Proceed in *Forma Pauperis* (Doc. No. 2.) and **REMOVE** this matter from the Court's docket.

The Petitioner is hereby notified that this "Proposed Findings and Recommendation" is hereby **FILED**, and a copy will be submitted to the Honorable United States District Judge Thomas E. Johnston. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Rule 6(e) and 72(b), Federal Rules of Civil Procedure, the Petitioner shall have thirteen days (ten days, filing of objections and three days, mailing/service) from the date of filing of this Proposed Findings

4

and Recommendation within which to file with the Clerk of this Court specific written objections identifying the portions of the Findings and Recommendation to which objection is made and the basis of such objection. Extension of this time period may be granted for good cause.

Failure to file written objections as set forth above shall constitute a waiver of *de novo* review by the District Court and a waiver of appellate review by the Circuit Court of Appeals. Snyder v. Ridenour, 889 F.2d 1363, 1366 (4th Cir. 1989); Thomas v. Arn, 474 U.S. 140, 155, 106 S.Ct. 466, 475, 88 L.Ed.2d 435 (1985); Wright v. Collins, 766 F.2d 841, 846 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91, 94 (4th Cir.) cert. denied, 467 U.S. 1208, 104 S.Ct. 2395, 81 L.Ed.2d 352 (1984). Copies of such objections shall be served on opposing parties, Judge Johnston, and this Magistrate Judge.

The Clerk of this Court is directed to file this "Proposed Findings and Recommendation" and to mail a copy to Petitioner, who is acting *pro se*, at his current address as the Court has learned it through the Federal Bureau of Prisons as follows: 8059 South Kimbark, Chicago, IL 60619.

ENTER: May 19, 2006.

R. Clarke VanDervort
United States Magistrate Judge